In the Matter of RUMSEY MANUFACTURING CORPORATION, Appellant. EDWARD CORSI, as Industrial Commissioner, Respondent.— Appeal from a decision of

the Unemployment Insurance Appeal Board which overruled the decision of the referee, and assessed two penalties against appellant in the sum of $500 each, because of its failure to file statements of its employees and the wages paid each of them for the second and third calendar quarters of 1944 within twenty days after a written demand therefor by the commissioner. (Labor Law, § 575, subd. 2, formerly § 521, subd. 2.) The report for the second quarter of 1944 was filed four days after the expiration of the twenty days' notice and the report for the third quarter was eight days late. Appellant produced proof to show that it was impossible to comply with the provisions of the statute and the requirements of the notices within the times specified. It was then engaged in the manufacture of war supplies which had a high priority rating and its business had expanded from a volume of $70,000 prior to the war to $7,000,000 or $8,000,000 during the war. The number of its employees increased from 25 in 1942 to 600 or 700 in 1944. It was located at Seneca Falls, New York, a comparatively small community, and had great difficulty in procuring a skilled personnel and skilled office workers, and on account of this was compelled to use inexperienced help, in some instances high school children. At times the office work of appellant fell three or four months behind. The foregoing matters were undisputed. Moreover, it is a matter of common knowledge that industrial concerns of the character of appellant, which had large war contracts to fulfill, operated under great difficulties during the war years. And these difficulties were enhanced by the burden of reports required by various administrative agencies of both the Federal and State Governments. Under the circumstances we think the decision of the board was arbitrary and amounted to a refusal to recognize realistically the situation in which the appellant found itself. We do not believe that the Legislature ever intended to penalize employers under the extraordinary circumstances revealed here. The determination of the Unemployment Insurance Appeal Board should be reversed and the penalties annulled. Determination of the Unemployment Insurance Appeal Board reversed and penalties annulled, with costs and disbursements against the Industrial Commissioner. Hill, P. J., Heffernan, Foster and Lawrence, JJ., concur; Brewster, J., dissents, in the following memorandum: The appeal board's reversal constituted a decision of questions of fact as to whether the employer-appellant had shown that its neglect was due to circumstances beyond its control. In my opinion there was evidence to support the decision appealed from. This renders it final. (Labor Law, § 623.)